■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BOYD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 3, 1984, convicting him of robbery in the first degree and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, the defendant's motion to dismiss the indictment granted, indictment dismissed and matter remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The findings of fact have been affirmed.

On October 21, 1982, the defendant was arrested in New York City for possession of various weapons taken on the preceding day during the burglary of a store in the City of Yonkers in Westchester County. The defendant was arraigned on said charges on October 21, and was confined to the New York City House of Detention at Rikers Island, where he remained in custody throughout the pendency of the proceeding arising out of the October 20 burglary. Yonkers detectives were alerted to the arrest of the defendant in connection with the October 20 burglary and spoke with the defendant on October 21.

On November 15, 1982, a felony complaint was filed in the Yonkers City Court charging the defendant with the crimes resulting in the judgment of conviction under consideration at bar.

On December 2, 1982, pursuant to the Yonkers felony complaint, an arrest warrant was filed at Rikers Island. On April 14, 1983 the defendant pleaded guilty in New York County to one count of criminal possession of a weapon in the third degree in full satisfaction of the charges arising out of his arrest on October 21. The defendant was sentenced on that count on May 24.

On June 15, 1983, the Yonkers City Court received correspondence from the Downstate Correctional Facility stating that the defendant was presently incarcerated there, and that they were in receipt of the detainer warrant. This correspondence was then sent to the office of the Westchester District Attorney.

The case at bar was presented to the Westchester County Grand Jury on July 5, 1983, and the indictment was filed on July 21. On August 10, 1983, the defendant was produced in

Westchester County Court, at which time the case was adjourned by the defendant until August 17. On August 17, the defendant was arraigned in the County Court and pleaded not guilty. At that time, the People announced their readiness for trial. Excluding the delay of seven days occasioned by defense counsel's request for an adjournment (CPL 30.30 [4] [b]), over eight months elapsed from November 15, 1982, the filing of the felony complaint which commenced the case *(People v Osgood,* 52 NY2d 37), until August 17, 1983, when the People were ready for trial.

Where the People are not ready for trial within six months from the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony, a motion to dismiss on speedy trial grounds must be granted (CPL 30.30 [1] [a]), unless the People can prove that certain periods of delay are excludable under CPL 30.30 (4) *(see, People v Berkowitz,* 50 NY2d 333).

Upon the defendant's motion to dismiss the indictment for failure to bring him to trial within six months, Criminal Term ruled that the period from October 21, 1982 until May 24, 1983 was excluded from computation of the six-month readiness period on the ground that CPL 30.30 (4) (a) specifically excludes from such computation "a reasonable period of delay resulting from other proceedings concerning the defendant, including * * * trial of other charges". We disagree.

Merely awaiting trial does not, without more, constitute participation in "other proceedings" or the actual "trial of other charges" within the meaning of CPL 30.30 (4) (a) *(cf. People v Brown,* 114 AD2d 418; *cf. People v Billups,* 105 AD2d 795). Moreover, the People have failed to establish that their preparation for the trial of this case was delayed in any manner by the defendant's detention in New York City. Consequently, the time during which the defendant was detained in New York City is not excludable from the computation of the six-month speedy trial period, and the indictment must be dismissed. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.