(October 27, 1987)

■ The People of the State of New York, Respondent, v Robert Samuels, Appellant.—The appeal from a judgment of the Supreme Court, Bronx County (Jerome Reinstein, J.), rendered March 27, 1984, pursuant to which defendant Robert Samuels was convicted after a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03) and reckless endangerment in the first degree (Penal Law § 120.25) and sentenced to concurrent prison terms of 7½ to 15 years and 3½ to 7 years, is held in abeyance, pending determination on remand of defendant's motion to dismiss pursuant to CPL 30.30.

Defendant was charged with the offenses for which he was eventually tried by two indictments filed on January 12, 1982 and February 17, 1982, respectively. Defendant was arraigned upon the first of these indictments on January 28, 1982, and upon the second on May 5, 1982. His trial did not commence until February 1984.

Before proceeding to trial defendant, maintaining that he had been denied a speedy trial, filed two *pro se* motions to dismiss the indictments pursuant to CPL 30.30. The motions were not disposed of. Rather, defendant was ordered to trial with the understanding that the motions might be pursued when defendant managed to obtain minutes of prior proceedings in the case necessary to support his speedy trial claim.

During the trial, the court asked the defendant whether he adopted the *pro se* motions which had apparently been prepared by a fellow inmate at the facility where he was detained. The court indicated that the motions would not be entertained unless adopted by the defendant who was represented by an attorney. There is no response to the court's query discernible in the record. It is, however, clear that defendant's trial counsel concurred fully in his client's desire to bring a speedy trial motion and, as the court acknowledged at sentencing, did adopt defendant's pretrial *pro se* motions pro forma pending his acquisition of the necessary minutes to assess the validity of defendant's speedy trial claim. The sentencing court further recognized that defendant might still pursue his speedy trial motion stating expressly with regard thereto: "I reserve your right to make that motion."

It is clear that defendant never waived or abandoned his right to challenge the indictment on speedy trial grounds. It is, moreover, clear that his speedy trial motion should have been duly dealt with and decided. We note that the record discloses on its face an extended and presently unexplained delay in bringing this matter to trial, and that this delay may have prejudiced defendant's efforts to secure witnesses to testify in his behalf.

Accordingly, the appeal is held in abeyance pending adjudication of defendant's CPL 30.30 speedy trial motion. Concur—Murphy, P. J., Kupferman, Sandler, Sullivan and Kassal, JJ.