■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HARDY, Appellant. [605 NYS2d 23] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 5, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, attempted assault in the first degree and assault in the third degree, and sentencing him, as a second felony offender, to concurrent terms of from 4 to 8 and 3 to 6 years, and 1 year, respectively, unanimously affirmed.

CPL 30.30 (4) (a) provides that delay resulting from other proceedings concerning the defendant constitutes excludable time. The trial court properly found that there was no speedy trial violation and excluded the time during which the People were prepared to go forward on this indictment while defendant was tried on another indictment. Nor does CPL 30.30 impose an obligation on the People to be in regular contact with each of their witnesses while a defendant's other cases wind their way through the criminal justice system.

The court's charge, on the jurors' obligation to harmonize their views, was fair and balanced and did not suggest that jurors should surrender a conscientiously held belief *(see, People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920).

We have examined defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.