*775 OPINION OF THE COURT
Harold Beeler, J.
Defendant moves to dismiss the indictment against him pursuant to CPL 210.20 (1) (g), claiming his right to a speedy trial under CPL 30.30 has been violated. Defendant is charged with criminal sale of a controlled substance in the third degree. CPL 30.30 (1) (a) provides that an indictment must be dismissed "where the people are not ready for trial within six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony.” The action was commenced on February 3, 1993, the date upon which the felony complaint was filed. In order to satisfy their obligation under CPL 30.30 (1) (a), the People are required to have stated their readiness for trial within six months of that date, in this case 181 days. (People v Anderson, 66 NY2d 929 [1985].)
The court has reviewed the written submissions of both parties as well as the transcripts from numerous adjournments and makes the following findings of fact and law:
The People concede as includable the 37-day period between February 3, 1993 (defendant’s arraignment in criminal court) and March 12, 1993 (defendant’s arraignment in Supreme Court). The defendant either concedes or does not make any arguments with respect to the adjournments on March 12, 1993 and April 15, 1993. In addition the period between April 27 and July 15, 1993 is excludable as a reasonable period for motion practice.
Although the People answered defendant’s omnibus motion, consenting to his motion to inspect and dismiss, the prosecutor failed to provide the court with a transcript of the Grand Jury minutes until June 13, 1994. Accordingly, the People could not be considered actually ready for trial during this period. (People v McKenna, 76 NY2d 59 [1990]; People v Harris, 82 NY2d 409 [1993].)
Defendant argues that pursuant to the McKenna/Harris rule, all of the time after July 16, 1993 (36 days after the submission of defendant’s motion to inspect and dismiss) is chargeable to the People. This court, however, has previously considered and rejected such a broad reading of McKenna/ Harris, and has held that any adjournment requested or consented to by the defendant with the consent of the court during the period the Grand Jury minutes are absent is, nonetheless, excludable. (People v Taranovich, NYLJ, July 7, *776 1994, at 27, col 4; CPL 30.30 [4] [a], [b]; see also, People v Worley, 66 NY2d 523 [1985].)
Defendant further argues that even if the court applies its previous ruling, this indictment must be dismissed because with the exception of July 15, 1993 and September 9, 1993, the record does not reflect an express consent or request by the defendant (People v Liotta, 79 NY2d 841 [1992]); and that it is the People’s burden to clarify, on the record, the basis for each adjournment (People v Smith, 82 NY2d 676 [1993].) The People counter that all of the adjournments between July 15, 1993 and April 4, 1994 were on consent for "tracking” or "control” purposes since by agreement of the parties the instant narcotics indictment was to follow the trial of defendant’s more serious homicide indictment (indictment No. 3439/93) which was also pending.
The principal issue presented by the facts of this motion is whether the consent to adjourn one case to follow another can be inferred from a record on which the Judge, prosecutor or defense counsel reiterated or made reference to the earlier tracking agreement and the defendant did not expressly revoke or reassert the consent previously granted.
Based upon the transcripts reviewed by this court of the adjournments between July 15, 1993 and April 4, 1994, this court finds that on each date, the Judge, prosecutor or defense counsel himself, made remarks on the record that reflected a shared premise that the case was being adjourned to track the homicide on the consent of all parties.
On July 15, 1993, current counsel appeared for the defendant for the first time on the narcotics indictment, having previously been assigned to represent the defendant on the pending homicide. On this date defendant’s consent to the adjournment is clear. After requesting copies of the indictment and voluntary disclosure form, an off the record discussion is summarized by the following on the record colloquy:
"the court: September 9th for control, but don’t give me I need three months for trial. You get three weeks maximum after that.
"mr. rodríguez: The drug case, will that be excluded, the time, to follow the murder case?
"the court: I assume this is a consent adjournment, both cases?
"mr. jaffe: It’s a consent adjournment on both cases at this point I don’t know what is going to happen later.” (Emphasis added.)
*777 It is this colloquy which serves as a frame of reference for a series of adjournments during which the parties continue to adjourn the narcotics case to "track” the homicide, or for "control” purposes. The intent of the parties is reiterated on the record on September 9, 1993, the next calendar date, at which time the following exchange occurs on the record:
"mr. rodríguez: Your Honor, I understand it’s a consent adjournment on the Narcotics case.
"mr jaffe: Yes , your Honor.” As to the three other adjournments during this period for which minutes were provided, the record reflects the following:
November 19, 1993 — "mr. jaffe: The homicide will tried, assuming everyone agrees, makes alot more sense”;
December 13, 1993 — "the court: January 24th for control. That is both cases. Though, actually, I don’t understand why ADA Smith doesn’t try his simple little buy and bust”; and
February 10, 1994 — "the court: This is on for control. I can’t remember whether I’m trying to control Mr. Jaffe or Mr. Rodriguez.
"mr. jaffe: Both of us.”
Concededly, the general rule and better practice is for the People to make a more explicit record regarding the basis for the adjournment (People v Liotta, supra; People v Smith, supra). However, on this record, where on each adjourn date in question one of the three participants made clear reference to the earlier tracking agreement, without defense counsel rescinding his consent or clarifying the record, counsel cannot be heard to rely on the technical flaws of an equivocal record he collaborated in creating. The transcribed records of these appearances, although equivocal when read alone, are clear when read in the context of the earlier appearances; and the absence of the magic word "consent” on each adjournment does not alter the reality of what occurred.
As to the two adjournments during this period for which no minutes were provided (Sept. 23, 1993 and Jan. 24, 1994), based upon the continuing consent referred to by all of the parties, this court finds no basis for believing, nor does defense counsel assert in his numerous aflirmations, that these adjournments would disclose an explicit revocation of the previously given consent.
On February 10, 1994, the court finally calls a halt to the collaborative delay in these cases by directing the People to be ready on the adjourn date on one or the other case. The Honorable Carole Berkman stated; "the court: 4-4. As *778 far as I’m concerned, that’s a firm date for trial. So, if Mr. Rodriguez is not going to be ready then, Mr. Smith better be because I’m not keeping Mr. Quesada forever while you comb 42 Street looking for your witnesses.” From February 10, 1994 forward this court determines that no further tracking agreement, either explicit or implicit, existed and makes the following findings:
April 4-April 20, 1994 People not ready 16 days included
April 20-May 11, 1994 Conceded by the People 21 days included
May 11-May 18, 1994 Defendant requested adjournment 0 days
May 18-June 7, 1994 Defendant on trial then ADA on vacation 12 days included
June 7-June 9, 1994 People not ready; no Grand Jury minutes 2 days included
June 9-July 12, 1994 Conceded by the People 33 days included
Accordingly, when the above 84 includable days are added to the 37 days previously found, a total of 121 days are charged to the People. Therefore defendant’s motion to dismiss is denied.