█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MILLER, Appellant. [748 NYS2d 50] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered May 16, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 6 to 12 years, and otherwise affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied on the ground that defendant did not establish a prima facie case of discrimination. Given the racial composition of the panel, defendant's numerical argument was not so compelling as to be conclusive by itself, and it was not corroborated by any other evidence, such as disparate treatment by the prosecutor of similarly situated panelists (*see People v Brown*, 97 NY2d 500).

The People's *Batson* motion was properly granted. The court's determination that the race-neutral reasons given by the defense were pretextual is entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352) and is supported by the record, which establishes that defendant challenged white jurors while declining to challenge similarly situated nonwhite jurors.

Defendant failed to preserve his claim regarding the court's use in sentencing of its conclusion that defendant gave perjurious testimony (*see People v Harris*, 272 AD2d 225, *lv denied* 95 NY2d 935), and we decline to review it in the interest of justice.

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.