■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TRUESDALE, Appellant. [750 NYS2d 69] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at *Wade* hearing; Denis Boyle, J., at jury trial and sentence), rendered August 5, 1998, convicting defendant of robbery in the second degree, attempted robbery in the second degree (two counts), assault in the second degree and criminal possession of stolen property in the fifth degree and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. While the People had a threshold responsibility to produce a witness who could testify to the circumstances under which defendant was identified, this procedural burden of production "is minimal; it requires merely some proof of the circumstances of the * * * identification procedure" (*People v Ortiz*, 90 NY2d 533, 538). Here, the People satisfied this burden by producing a detective, found credible by the hearing court, who testified that in each of the two photographic identification procedures he placed one of the two victims at a table where hundreds of photographs were located and instructed the victim to set aside any photographs he recognized. While in each instance the detective went in and out of the room during the selection process, each victim confirmed his identification to the detective after he separated the photographs of the alleged perpetrators, including defendant, from the other photographs in the trays. Defendant's claim that a Police Administrative Aide (PAA), who may have been in the room when the actual selections were made, may have said or done something to undermine the reasonableness of the identification procedure, is speculative, and it was not incumbent on the People to produce her at the hearing (*see People v Rosa*, 231 AD2d 534, 535-536, *lv denied* 88 NY2d 1071; *People v Mitchell*, 185 AD2d 249, *lv denied* 80 NY2d 907). We note that in each procedure, the large number of photographs presented to the victim tended to minimize any possibility of suggestion. Furthermore, at the time of the first victim's procedure, the police had no suspects in mind, and there was no reason for anyone, least of all a PAA, to call the victim's attention to any particular

photographs. As for the second victim's procedure, there is no evidence that a PAA was present at any point.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied since he failed to establish a prima facie case of discrimination (*see People v Brown*, 97 NY2d 500, 507-508). Given the racial composition of the panel, defendant's numerical argument was not so compelling as to be conclusive by itself, and it was not corroborated by any other evidence (*see People v Miller*, 298 AD2d 194). Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.