■ The People of the State of New York, Respondent, v Wayne Reed, Appellant. [750 NYS2d 71] —Appeal from judgment, Supreme Court, Bronx County (Harold Silverman, J., at *Wade* hearing; Denis Boyle, J., at jury trial and sentence), rendered August 5, 1998, convicting defendant of robbery in the second degree, attempted robbery in the second degree (two counts), assault in the second degree and criminal possession of stolen property in the fifth degree and sentencing him, as a second felony offender, to an aggregate term of nine years, held in abeyance and the matter remanded for further proceedings on defendant's speedy trial motion, including, as needed, reconstruction of the moving and answering papers.

Defendant is entitled to a determination of his undecided speedy trial motion (*see People v Samuels*, 133 AD2d 588). Prior to jury selection, defendant called the trial court's attention to the fact that his speedy trial motion had not been decided, and expressly reserved his rights in that regard. However, the court simply noted defense counsel's position, and said nothing about deciding the motion. Although neither the motion papers nor the People's response have been located, it is undisputed that defense counsel made such a motion and that the People responded. Under these circumstances, we conclude that the motion was not abandoned (*compare People v Rodriguez*, 50 NY2d 553), and that defendant, having complained about the lack of a ruling, was not obligated to repeat the same protest in order to preserve this issue (*see People v Mezon*, 80 NY2d 155, 161). The two-year delay between the indictment and trial is unexplained on the face of the record, and defendant's failure to produce any minutes relevant to the speedy trial issue is not fatal in the present procedural context where the error complained of on appeal is a failure to rule, not a failure to rule correctly (*compare People v Olivo*, 52 NY2d 309, 320). Should the motion papers remain missing, the motion should proceed on reconstructed papers.

We have considered and rejected defendant's remaining

claims for the reasons stated in our decision on the codefendant's appeal (*People v Truesdale*, 299 AD2d 289 [decided simultaneously herewith]). Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.