Lahtinen, J.
Appeal from an order of the County Court of Cortland County (Ames, J.), entered December 9, 2002, which granted defendant’s motion to dismiss the indictment.
In May 2001, defendant allegedly assaulted Kimberly Becker because Becker had cooperated with police in a drug investigation that included defendant’s brother, Mark Fezza. The investigation into a purported multicounty drug distribution network that implicated Fezza was being conducted by the Attorney General’s Organized Crime Task Force (hereinafter OCTF). In furtherance of this investigation, the Cortland County District Attorney appointed James Mindell, Assistant Deputy Attorney General for OCTF, to the position of Assistant District Attorney in January 2001. Additionally, pursuant to Executive Law § 70-a (7), the Cortland County District Attorney and the Governor granted OCTF authority to conduct criminal and civil proceedings related to the investigation. Following defendant’s assault upon Becker, Mindell appeared before a Cortland County grand jury and obtained an indictment charging her with the crimes of intimidating a witness in the second degree and assault in the third degree. Thereafter, defendant moved to dismiss the indictment arguing, among other things, that Mindell was not a person authorized to present the case *809 against her to the grand jury (see CPL 210.35 [5]). County Court dismissed the indictment upon such ground and this appeal by the People ensued.
The People argue that Mindell had jurisdictional authority to appear before the grand jury regarding defendant’s conduct both under Executive Law § 70-a (7) and also under Mindell’s separate appointment as an Assistant District Attorney for Cortland County. Turning first to Executive Law § 70-a (7), such statute was enacted to address the complex law enforcement problems presented by organized, multijurisdictional criminal activity, including the organized distribution and sale of drugs (see Mem of State Exec Dept, 1970 McKinney’s Session Laws of NY, at 3024). Under the statute, “three conditions . . . must be met if the Deputy Attorney-General in charge of the OCTF is to appear before the grand jury: (1) the Governor must give his approval; (2) the appropriate District Attorney must request or approve such appearance; and (3) the [gjrand [j]ury proceeding must be concerned with multicounty or interstate conduct” (People v Rallo, 39 NY2d 217, 222 [1976]). While the authority afforded to OCTF must not be interpreted in an unduly restrictive manner that thwarts its role, care must also be taken that its powers do not balloon beyond those that are “explicitly or by necessary implication” bestowed by the Legislature (Matter of B.T. Prods. v Barr, 44 NY2d 226, 236 [1978]; see People v Rallo, supra at 225 [Jasen, J, concurring]).
Separate letters from the Governor and the Cortland County District Attorney authorized the Deputy Attorney General in charge of OCTF, or his assistants, to “attend ... a term or terms of the Supreme Court or County Court of Cortland County, and to appear before the grand jury thereof, for the purpose of managing and conducting in that court any criminal and related civil action or proceeding concerned with . . . [a]ny crimes committed by” certain named individuals, including Fezza, as well as “their chain of customers and suppliers of controlled substances and other co-conspirators and agents.” The letters further stated that the crimes subject to OCTF prosecution included: “Criminal Sale and Possession of Controlled Substances, Conspiracy and other crimes committed incident to these crimes or the prosecution thereof.” These letters clearly established the first two requirements for invoking Executive Law § 70-a (7) regarding the individuals named therein and no argument has been made that the third requirement, multijurisdictional criminal activity, was not satisfied regarding those named individuals. The issue before us, however, is whether the grant of authority to OCTF is sufficiently broad to include an *810 individual not specifically named in the authorizing letters, but who allegedly assaulted a person who had cooperated with police regarding one of the named targets of the investigation.
In order for OCTF to prosecute a person not specifically named as a target in the authorizing letters, there must be both a close connection between a named person and the unnamed person, and the unnamed person’s acts must be “incident to” the crimes allegedly committed by the named individual. With regard to the connection between defendant and Fezza, their familial relationship is not dispositive. The important facts are that Fezza was a named suspect in the multijurisdictional drug investigation, Becker had ostensibly provided some assistance to police regarding the investigation of Fezza, defendant was aware both that Fezza was under investigation and that Becker was a potential witness and defendant assaulted Becker because of her cooperation in the investigation. We are of the opinion that such evidence, at least, establishes a sufficiently close nexus to the multijurisdictional criminal activity to fall within the authority given OCTF without creating “a roving commission, acting in excess of its limited jurisdiction and usurping the prerogatives of the District Attorney” (People v Rallo, supra at 225 [Jasen, J., concurring] [emphasis added]). Indeed, there can be little doubt that criminals operating in the type of organized manner that OCTF was created to combat often resort to intimidation of potential witnesses (see e.g. United States v Davis, 845 F2d 412, 413 [1988] [potential witness shot, others recant under suspicious circumstances]; Alvarado v Superior Court, 23 Cal 4th 1121, 1150 n 15, 5 P3d 203, 222 n 15 [2000], cert denied 532 US 990 [2001] [“The use of violence and intimidation by criminal gangs to immunize themselves from the criminal justice system is by no means a recent phenomenon”]). In our view, an assault knowingly made upon a potential witness in a multijurisdictional drug investigation is sufficiently “incident to” the alleged multijurisdictional crimes to fall within the authority given OCTF (cf. People v Young, 220 AD2d 872 [1995], lv denied 87 NY2d 909 [1995]). Thus, we find that the prosecution of such conduct by OCTF falls within the parameters of the authorizing letters and is consistent with the underlying enabling legislation.
Since we find that Mindell properly appeared before the grand jury pursuant to Executive Law § 70-a (7), it is not necessary to address the People’s alternative argument that his appearance was appropriate because he had been appointed an Assistant District Attorney for Cortland County.
Crew III, J.P., Peters, Spain and Carpinello, JJ., concur.
*811 Ordered that the order is reversed, on the law, motion denied and indictment reinstated.