■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE REED, Appellant. [798 NYS2d 47]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J., at *Wade* hearing; Denis J. Boyle, J., at speedy trial motion, jury trial and sentence), rendered August 5, 1998, convicting defendant of robbery in the second degree, attempted robbery in the second degree (two counts), assault in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously affirmed.

By order entered November 26, 2002 (299 AD2d 290 [2002]), this Court considered and rejected defendant's appellate arguments with the exception of his speedy trial claim, which had

never been decided by Supreme Court. Accordingly, we held the appeal in abeyance and remanded the matter to Supreme Court for further proceedings on defendant's speedy trial motion, and for reconstruction of the underlying record in the event the original motion papers remained missing. Although the original papers were located upon remand, further submissions were directed by the court.[1] In a detailed decision, the trial court denied defendant's motion, finding only 46 days of chargeable time.

Under CPL 30.30 (1) (a), the People have six months, or in this case 182 days, to be ready for trial, less any excludable time (*People v Smith*, 82 NY2d 676, 677 [1993]). The People concede 29 days of chargeable time and make no argument concerning an additional 17 days, amounting to 46 includable days that are undisputed on this appeal. Thus, determination of this matter rests on the trial court's rulings with respect to seven contested periods totaling 149 days. As we find that all but eight of these days are excludable from speedy trial calculations, defendant's motion was properly denied.

The first period in issue is from February 29, 1996 to April 2, 1996 (33 days). During the February 29 calendar call, there was a discussion concerning defendant's three pending indictments, after which the court adjourned each case to April 15, stating "time excluded, thank you very much." Defendant argues that the 33 days prior to the filing of his omnibus motion on April 2 are chargeable to the People since no reason is stated on the record for the adjournment (*People v Liotta*, 79 NY2d 841, 843 [1992] [even as to postreadiness adjournments, "burden rests on the People to clarify, on the record, the basis for the adjournment"]). The People respond that no time is chargeable because on February 21, eight days earlier, they stated ready and a fair reading of the record indicates that the matter was adjourned for defendant to file omnibus motions on his various indictments.

The motion court found this period excludable and we agree. It is well established that once the People have declared their readiness for trial, they are under no obligation to continually repeat that declaration upon each subsequent appearance in court (*People v Cortes*, 80 NY2d 201, 214 [1992]; *People v Reid*, 214 AD2d 396 [1995]). While the prosecution must restate its

---

**1.** Although both parties challenged the sufficiency of the other's initial motion papers, neither party raised this argument until after our remand order. Accordingly, we find that the motion court properly accepted additional submissions and ruled on the merits of the parties' respective speedy trial contentions (CPL 210.45 [6]).

readiness if there is a substantial break in the proceedings (*Cortes*, 80 NY2d at 214), no such break occurred here in the intervening eight days between the People's February 21 statement of readiness and the February 29 calendar call.

This period is also excludable as an adjournment for the purpose of defense motions (CPL 30.30 [4] [a]; *People v Worley*, 66 NY2d 523, 528 [1985]; *People v Reid*, 214 AD2d at 396). That the purpose of this postreadiness adjournment was for defendant to file a pretrial omnibus motion is confirmed by two undisputed facts: defendant actually filed such a motion off-calendar on March 29 (*see People v Alvarado*, 281 AD2d 318, 319 [2001], *lv denied* 96 NY2d 859 [2001] [record was sufficiently clear that postreadiness adjournment was granted at request of substitute defense counsel, who was appointed only three days earlier]), and defense counsel made no objection to the court's declaration on February 29 that "time [is] excluded, thank you very much." Thus, it is clear from the surrounding circumstances that all parties understood this adjournment to be excludable for the purpose of defense motions.

Defendant next contends that the period between July 1, 1996 and August 5, 1996 (35 days) is includable. The July 1 transcript shows that the court dictated a decision on defendant and codefendants' pretrial motions and ordered *Wade* and *Huntley* hearings. In addition, the court suggested that a motion to consolidate would be in order, to which the prosecutor responded "[Y]es, your Honor, I'm planning to make a motion to consolidate those indictments." The prosecutor requested a one-week adjournment for hearings on defendants' gun possession case but, because of scheduling conflicts, the case was adjourned to August 5, 1996.

Defendant argues that this period is chargeable to the People because the record fails to disclose the reason for the adjournment of the instant robbery case (*Liotta*, 79 NY2d at 843), because adjournments to prepare for hearings and trial are not excludable under the statute and, even if they were, this case was adjourned for hearings on the gun case, not the instant robbery. The People counter that this period is excludable as a reasonable period after the decisions on defendants' motions to prepare for hearings and trial, and because of the People's stated intention to file a consolidation motion.

The period is excludable for the reasons advanced by the prosecution. After a decision is rendered on a defendant's omnibus motion, the People are entitled to a reasonable period of time to prepare for hearings or trial mandated by such decision (CPL 30.30 [4] [a]; *People v Moolenaar*, 262 AD2d 60 [1999], *lv denied*

94 NY2d 826 [1999]; *People v Green*, 90 AD2d 705, 705-706 [1982], *lv denied* 58 NY2d 784 [1982]). That the prosecution may have expressed a desire to proceed on a specific case does not negate the fact it was entitled to a reasonable time to prepare for hearings and/or trial on each of defendant's three trial-ready indictments.

This period is also excludable based on the People's expressed intention to file a consolidation motion (*People v David*, 253 AD2d 642, 647 [1998], *lv denied* 92 NY2d 948 [1998]). CPL 30.30 (4) (a) applies to all pretrial motions concerning the defendant, not just defense motions (*People v Batts*, 227 AD2d 224 [1996], *lv denied* 88 NY2d 964 [1996]; *People v Sivano*, 174 Misc 2d 427 [App Term, 2d Dept 1997], *lv denied* 91 NY2d 880 [1997]), and the fact that a consolidation motion was actually filed on the next adjourn date proves that the motion was not hypothetical (*see People v Brown*, 99 NY2d 488, 492 [2003]; *cf. People v Collins*, 82 NY2d 177, 181 [1993]).

The next period involves an adjournment between May 19, 1997 and June 9, 1997. The parties and the motion court recognized that a determination regarding this period depends, in part, on what occurred at the previous adjournment on May 12, 1997. On May 12, the People answered ready for trial on each of defendant's three indictments, expressing no preference as to the order in which they would be tried. Defense counsel, on the other hand, clearly indicated his preference to try defendant's homicide case first. At the end of the colloquy, the court asked defendant's counsel: "[Y]ou want to go forward on Mr. Reed's homicide case before June 16 and try that one first?" Defendant's counsel responded, "We can try for May 19. Let's try for it." Meanwhile, defendant's codefendant in the robbery case, Matthews, was adjourned to June 16, 1997 for trial on the instant robbery indictment.

On May 19 the People were not ready on either the homicide or the robbery case, and requested a two-week adjournment. Defendant contends that these 14 days are includable as delay resulting from the prosecutor's unreadiness, and further argues that the parties' agreement to try the homicide first will exclude time on the robbery only during the period in which he is *actually on trial* for the homicide (*see People v Boyd*, 123 AD2d 638, 639 [1986]). The People respond that this period is excludable under CPL 30.30 (4) (a) and (b), since defendant voluntarily agreed that the homicide case should be tried prior to the instant robbery. According to the People, having consented to this arrangement without any conditions as to when the homicide trial must occur, defendant should be held to his agreement

and the time should be excluded. Lastly, defendant counters that the People's rationale would permit them to indefinitely delay the trial of the homicide case (which is not subject to speedy trial limitations [CPL 30.30 (3) (a)]), while simultaneously gaining the benefit of an automatic toll of the speedy trial clock on the robbery case. The motion court excluded the entire adjournment based upon the agreement between the parties to try defendant's homicide case first.

CPL 30.30 (4) (a) provides that "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . trial of other charges," constitutes excludable time (see People v Hardy, 199 AD2d 49 [1993], lv denied 83 NY2d 805 [1994]). Delays that are expressly consented to by the defendant are also excludable from speedy trial calculations (CPL 30.30 [4] [b]). The record clearly establishes, and defendant does not deny, that the parties and the court agreed that the defendant's homicide case would be tried first, and that trial of the robbery indictment would follow. This agreement, as the motion court expressly found, was continually cited and reaffirmed by the parties in open court.[2]

While the agreement stands unrefuted in the record, the question remains as to whether the People's unreadiness on the homicide case negates its effect. Based on the record before us, we conclude that the motion court properly found the time excludable based on the parties' agreement (see People v Silverio, 276 AD2d 254 [2000], lv denied 96 NY2d 787 [2001] [where defense counsel agreed that subject indictment be kept together with defendant's additional case, adjournment for motion practice on additional case rendered adjournment excludable as to both cases]; People v Alberto, 164 Misc 2d 774, 776-777 [Sup Ct, NY County 1995] [parties' agreement that narcotics indictment would "track" more serious homicide case rendered multiple adjournments of narcotics case excludable]).

Where a defendant facing trial on multiple indictments affirmatively chooses to go forward on one case at the expense of the other, without reservation, his consent to the delay on the other case must be deemed to have continued until the agreed-upon trial concludes or consent is revoked. In Alberto (164 Misc 2d at 776-777), defense counsel expressly consented to an adjournment of defendant's narcotics indictment for "control," so that he could track defendant's more serious homicide indict-

2. For instance, at the May 12, 1997 calendar call, the trial judge asked defense counsel if he wished to proceed on the robbery charge before the homicide charge and defense counsel responded, "Mr. Reed would prefer to go forward on the homicide case and that's always been the case . . ."

ment, which was also pending. On the next adjourn date, counsel reiterated his consent to adjourn the narcotics case, and on three subsequent calendar calls mention was made of the fact that the narcotics case was being adjourned for "control" purposes.

Rejecting the defendant's argument that these adjournments were includable because his consent was not expressly stated on the record, the court ruled that the multiple references in the record to the "control" agreement demonstrated that the narcotics case "was being adjourned to track the homicide on the consent of all parties" (*id.* at 776). The court also noted that the record did not support a finding that defendant rescinded his consent to the tracking agreement (*id.* at 777).

The court's analysis in *Alberto* is directly applicable to the instant case. Here, the record unequivocally establishes defendant's consent to try the homicide case first. That agreement was reiterated and reaffirmed on multiple occasions. Although on May 19, 1997 defense counsel raised a question as to whether the time would continue to be excluded where the People answered not ready on the homicide case, consent was never expressly withdrawn. On the contrary, the agreement was mentioned on at least three subsequent occasions without any objection or clarification from defense counsel. Notably, the homicide case, pursuant to the agreement, was in fact tried in November 1997.[3]

Although defendant hypothesizes that finding this time excludable would essentially permit the prosecution to delay the homicide trial indefinitely, that is not what occurred here. The adjournments between May 19 and the commencement of the homicide trial resulted primarily from the prosecutor's unavailability due to other trials and the vacations of both trial counsel. Based on all the relevant circumstances, we find this adjournment to be excludable due to other proceedings involving the defendant and defendant's consent (CPL 30.30 [4] [a], [b]).[4]

The next adjournment, from June 9, 1997 to July 21, 1997 (14 days alleged to be includable), is excludable for the same reasons as stated above. Defense counsel expressly noted his agreement on the record to try the robbery case after the homicide case, which was adjourned to July 21 for trial.

The following adjournment from July 21, 1997 to September

3. Defendant was acquitted of all counts.
4. We note that CPL 30.30 (4) (a) excludes only "a *reasonable period* of delay resulting from other proceedings concerning the defendant" (emphasis added), and extended delays in beginning another trial, not present here, might warrant a different result.

23, 1997 also remains in dispute. The transcript of July 21 reveals that defense counsel was not present in court, but that he had informed the court during an unrelated appearance some days earlier that he would be on vacation on July 21. The court then referenced the agreement to try the homicide case first, and was informed that the assigned prosecutor was on vacation until August 11. The court adjourned the homicide case to August 18, 1997 and the robbery case to September 23, 1997. The prosecutor filed a statement of readiness on the robbery case on August 11, 1997.

Defendant argues that the period between July 21 and August 11 (21 days) is includable because the prosecutor was on vacation, rendering defense counsel's lack of readiness irrelevant. The People respond that this time is excludable pursuant to the agreement to try the homicide first and because the delay was caused primarily by defense counsel's absence.

CPL 30.30 (4) (f) excludes the period of delay when defendant is without counsel through no fault of the court (*People v Mannino*, 306 AD2d 157, 158 [2003], *lv denied* 100 NY2d 643 [2003]), and this provision has been held to exclude adjournments predominantly caused by defense counsel's failure to appear on a scheduled court date, irrespective of the People's lack of readiness (*id.*; *see also People v David*, 253 AD2d at 644; *People v Brown*, 195 AD2d 310, 311 [1993], *lv denied* 82 NY2d 891 [1993]). Here, the record shows that the People never specifically requested an adjournment, which was necessitated by defense counsel's absence due to his vacation. This period is not chargeable to the People.

The adjournment from September 22, 1997 to October 20, 1997 (28 days) is also excludable by virtue of the parties' agreement to try defendant's homicide case first. At the September 2 calendar call the court stated, "the homicide is to go first by agreement prior to the robbery which is still in here, so let's set a date. What's a good date for you?" Defense counsel responded, "Any time, judge."

The final period in issue involves an adjournment from December 15, 1997 to December 23, 1997 (eight days). To put this period in context, it must be noted that defendant's homicide trial ended on November 17, 1997 and the instant case was adjourned to December 1, 1997, and then to December 15, 1997 to join the codefendants. On December 15, 1997, the matter was adjourned to December 23, 1997 for a "conference." Since there is no indication that defendant requested or consented to this adjournment, it is includable.

Accordingly, as we find only 8 additional days should be added

to the 46 found includable by the motion court, the total of 54 days is well within the 182 days permitted by the statute and the motion was properly denied. Concur—Mazzarelli, J.P., Andrias, Sullivan and Gonzalez, JJ.