■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUIZ, Appellant. [816 NYS2d 12]—

Judgment, Supreme Court, New York County (Eduardo Padro, J., at hearing; Daniel P. FitzGerald, J., at jury trial and sentence), rendered March 18, 2004, convicting defendant of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The testifying officer had a sufficient recollection of the events to satisfy the People's minimal burden of producing some proof of the circumstances of the identification procedure (see People v Ortiz, 90 NY2d 533, 538 [1997]; People v Truesdale, 299 AD2d 289 [2002], lv denied 99 NY2d 659 [2003]). At the scene of the crime, and immediately after it was committed, an eyewitness made a statement to the police about defendant's involvement. The officer's testimony supported the conclusion that, to the extent this statement constituted an identification, such identification was not police-arranged and is not subject to suppression. Moreover, the evidence establishes that even if there had been a police-arranged confrontation, it would have been permissible (see People v Duuvon, 77 NY2d 541 [1991]). Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.