■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY LEE, Appellant. [887 NYS2d 302]—

Stein, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 7, 2007, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

On February 11, 2005, Detective Brian Robertson and other members of the Kingston Police Department, working in conjunction with investigators from the Organized Crime Task Force (hereinafter OCTF), met with a confidential informant (hereinafter CI) who had, on a previous occasion, indicated that · she could purchase crack cocaine from an individual known as "Bright Eyes." The Kingston Police Department knew "Bright Eyes" to be an alias used by defendant. After the meeting with the CI, a controlled telephone call was made in the presence of Robertson and OCTF members, during which the CI arranged to meet defendant to purchase crack cocaine. An undercover OCTF agent accompanied the CI to the arranged location and purchased $200 worth of crack cocaine from defendant with prerecorded buy money. Later that evening, the CI made a second controlled telephone call to defendant, seeking to

purchase more crack cocaine. The CI and the undercover agent then traveled to a different location, where the undercover agent purchased $50 worth of crack cocaine from defendant. Both controlled telephone calls and meetings were recorded and subsequent tests confirmed that the substance purchased from defendant each time was positive for the presence of cocaine.

For various reasons, defendant was not arrested until April 9, 2005, following an unrelated traffic stop of a car driven by defendant, during which crack cocaine was found in the purse of defendant's passenger. Defendant was thereafter charged by indictment with various crimes in connection with the April 2005 incident and was later charged in a separate indictment with criminal sale of a controlled substance in the third degree (two counts) for the two sales of crack cocaine that had allegedly occurred on February 11, 2005.

County Court granted the People's application to try the two indictments together. After the conclusion of the jury trial, defendant was acquitted of all charges involving the April 2005 incident, but was convicted on both counts of criminal sale of a controlled substance in the third degree for the events that transpired on February 11, 2005. County Court denied a subsequent CPL 330.30 motion to set aside the verdict and sentenced defendant to concurrent prison terms of eight years on each count, followed by three years of postrelease supervision. Defendant now appeals.

We disagree with defendant's contention that, because the Deputy Attorney General lacked jurisdiction to prosecute him, the appearance of an Assistant Attorney General before the grand jury was unauthorized and requires reversal of his convictions. The record herein establishes the Deputy Attorney General's authority to appear before the grand jury to prosecute a number of individuals on various drug crimes (see Executive Law § 70-a [7]; *People v Rallo*, 39 NY2d 217, 222 [1976]; *compare People v Fezza*, 1 AD3d 808, 809 [2003]). Although defendant was not one of the named individuals with respect to whom the Deputy Attorney General was granted authority to appear and prosecute, nothing in the record indicates that Assistant Attorney General Mike Sharpe (who appeared on behalf of the Deputy Attorney General) was directly involved in the presentation against defendant. Further, our review of the grand jury minutes also demonstrates—indeed, defendant concedes—that the detailed evidence presented to the grand jury by the Assistant District Attorney, specifically with regard to defendant's case, was sufficient to sustain the indictment. Under these particular circumstances, we conclude that, to the extent Sharpe's

presentation of general background information with regard to drug operations may have been improperly considered by the grand jury in relation to defendant, such presentation did not "rise to the level of impairing the [integrity of the grand jury] proceedings and [did not] creat[e] a likelihood or real potential for prejudice" (*People v Moffitt*, 20 AD3d 687, 689 [2005], *lv denied* 5 NY3d 854 [2005]). Therefore, dismissal of the indictment is not warranted on this basis (*see* CPL 210.35 [5]; *People v Huston*, 88 NY2d 400, 409 [1996]; *People v Mitchell*, 55 AD3d 1048, 1050 [2008], *lv denied* 12 NY3d 856 [2009]; *People v Moffitt*, 20 AD3d at 688-689).

Next, we conclude that County Court properly granted the People's challenge for cause of a prospective juror. Although the prospective juror in question initially indicated during voir dire that the previous prosecution of his brother in Ulster County on a drug-related offense would not affect his ability to be fair and impartial, upon further questioning, the prospective juror stated that he felt the police had "[done his] brother wrong," and that he didn't "have a high opinion of police." Taking these comments "in context and as a whole" (*People v Chambers*, 97 NY2d 417, 419 [2002]; *see People v Shulman*, 6 NY3d 1, 27 [2005], *cert denied* 547 US 1043 [2006]; *People v Dunkley*, 61 AD3d 428, 428 [2009], *lv denied* 12 NY3d 914 [2009]), we discern no error in County Court's determination that the prospective juror's impartiality might be in doubt, and we find that County Court properly excused the juror (*see* CPL 270.20 [1] [b]; *People v Chambers*, 97 NY2d at 419; *People v Arnold*, 96 NY2d 358, 362 [2001]; *People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Oliveri*, 29 AD3d 330, 331 [2006], *lvs denied* 7 NY3d 760, 792 [2006]).

Defendant failed to preserve for review his contention that County Court erred in allowing the undercover agent to testify at trial that a photograph of defendant shown to her before and after each controlled buy matched the seller, inasmuch as defense counsel referred to the photo identification in his opening statement and failed to object when the People sought to introduce it on the ground that the door had been opened (*see People v Rivera*, 31 AD3d 1060, 1061 [2006], *lv denied* 7 NY3d 869 [2006]). Nor does admission of the undercover agent's testimony warrant reversal of defendant's convictions in the interest of justice. Any error was harmless as the witnesses' identification testimony was otherwise "unequivocal and well grounded" (*People v Williams*, 11 AD3d 810, 811-812 [2004], *lv denied* 4 NY3d 769 [2005]; *see People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Cruz*, 214 AD2d 952, 952-953 [1995], *lv denied* 86 NY2d 793 [1995]).

We also discern no error in County Court's admission of the recordings of the CI's telephone calls to defendant to arrange the drug buys. Detective Brian Robertson testified that the two controlled telephone calls were made in his presence. While Robertson only heard the CI's end of the conversations, he played the tapes back in order to hear the conversations in their entirety. After the original recordings on mini cassette were copied onto audiocassettes by OCTF, Robertson reviewed the audiocassettes and testified that they matched the recordings of the conversations taken on February 11, 2005.* Such testimony provided a sufficient foundation for the admission of the recordings (*see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v McGee*, 49 NY2d 48, 60 [1979]; *People v Tillman*, 57 AD3d 1021, 1024 [2008]; *United States v McIntosh*, 547 F2d 1048 [1977], cert denied 430 US 919 [1977]; *United States v McMillan*, 508 F2d 101, 104-105 [1974], *cert denied* 421 US 916 [1975]; *Chavira Gonzales v United States*, 314 F2d 750, 752 [1963]). Moreover, the admission of the audiocassettes did not violate the best evidence rule (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]; *People v Hughes*, 124 AD2d 344, 346 [1986], *lv denied* 69 NY2d 828 [1987]).

We reject defendant's contention that he was deprived of the effective assistance of counsel. To the extent that his argument is based on various claimed errors made by counsel, it is either belied by the record or fails to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Defendant's claim that his counsel's attention was diverted from defendant's case by a pending investigation of attorney misconduct involves matters outside the scope of the record and is more appropriately remedied by way of a CPL article 440 motion (*see People v Hutchinson*, 57 AD3d 1013, 1014 [2008], *lv denied* 12 NY3d 817 [2009]).

Furthermore, the record reflects that counsel's opening and closing statements presented a reasonable and cogent theory of the case, that he cross-examined the People's witnesses, called defendant as a witness on his behalf, moved to dismiss the charges on a reasonable theory after the close of the People's case and, notably, secured defendant's acquittal on four of the six counts charged. Under these circumstances, we find that defendant's counsel provided meaningful representation (*see People v Henry*, 95 NY2d 563, 566 [2000]; *People v Benevento*, 91

---

* He similarly testified that copies of the transcription of the recordings were accurate depictions thereof.

NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d at 708; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Hutchinson*, 57 AD3d at 1014; *People v Colvin*, 37 AD3d 856, 857-858 [2007], *lv denied* 8 NY3d 944 [2007]).

We next address defendant's claim that his right to a speedy trial was violated. It is undisputed that defendant moved by order to show cause for an order fixing bail or, in the alternative, dismissing all charges against him on the ground that his statutory and state and federal constitutional rights to a speedy trial had been violated. County Court never rendered a decision regarding the speedy trial claims. Although the record reflects that the People declared their readiness for trial within the required six-month period (*see* CPL 30.30 [1] [a]; *People v Cortes*, 80 NY2d 201, 208 [1992]), it is evident that the trial did not commence within that period. However, the record here is insufficient to enable us to determine the extent to which postreadiness periods of delay were attributable to the People—as opposed to defendant (*see People v Johnson*, 42 AD3d 753, 753 [2007], *lv denied* 9 NY3d 923 [2007])—or to ascertain the merits of defendant's constitutional speedy trial claims. Thus, the matter must be remitted for a determination by County Court (*see People v Reed*, 299 AD2d 290, 290 [2002]).

Defendant's argument regarding County Court's failure to give the jury limiting instructions with regard to evidence of defendant's prior convictions is unpreserved for our review due to defendant's failure to request such instructions or to interpose a timely objection (*see People v De Fayette*, 16 AD3d 708, 709 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Schaefer*, 302 AD2d 333, 334 [2003], *lv denied* 100 NY2d 542 [2003]). Nor do we find the existence of circumstances warranting the exercise of our interest of justice jurisdiction.

Defendant's remaining contention regarding the scope of the cross-examination of Robertson has been considered and found to be without merit.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.