People v Harrison (2019 NY Slip Op 03173)





People v Harrison


2019 NY Slip Op 03173


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


151 KA 17-02232

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SID S. HARRISON, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 16, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the seventh degree, obstructing governmental administration in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree and failure to stop at a stop sign. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, the indictment is dismissed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We agree.
The criminal action was commenced on September 30, 2016, when the felony complaint was filed (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]). Where, as here, a defendant is originally charged with a felony, the People must announce readiness for trial within six months or, in this case, 182 days of the commencement of the action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 207 n 3 [1992]). The day the accusatory instrument is filed is excluded from time calculations (see People v Stiles, 70 NY2d 765, 767 [1987]). The People filed the indictment and announced their readiness for trial on April 18, 2017, which was 17 days beyond the 182-day time period.
Contrary to defendant's contention, we conclude that, after taking into consideration excludable periods of time, the People announced readiness for trial within the statutory time frame. In his motion, defendant conceded that the time period from October 1, 2016 through October 5, 2016 was not chargeable to the People. Defendant has thus waived his contention, raised for the first time on appeal, that such period of time should be charged to the People (see People v Muhanimac, 181 AD2d 464, 465 [1st Dept 1992], lv denied 79 NY2d 1052 [1992]). In any event, defendant's contention lacks merit. Defendant was arraigned on the felony complaint on September 30, 2016, and the matter was adjourned until October 5, 2016 for the assignment of counsel and a preliminary hearing. We thus agree with the People that the time period is excludable as time that defendant was without counsel through no fault of the court (see CPL 30.30 [4] [f]; People v Rickard, 71 AD3d 1420, 1421 [4th Dept 2010], lv denied 15 NY3d 809 [2010]; People v Reinhardt, 206 AD2d 913, 914 [4th Dept 1994]).
We further conclude that the seven-day time period following October 5, 2016 is also excludable. The prosecutor had scheduled a grand jury presentation for October 5, but defense counsel had another trial at that time and was unable to appear. Defense counsel thus requested that the prosecutor "not proceed forward with Grand Jury presentment" as scheduled. It is well [*2]settled that a defendant who opts to testify at grand jury is entitled to have counsel present (see People v Chapman, 69 NY2d 497, 500 [1987]). As a result, "[t]o require the People to proceed in the face of [defendant's] request would [have been] highly impractical. The People could not have obtained an indictment without affording defendant . . . an opportunity to testify" as well as his right to counsel (Muhanimac, 181 AD2d at 465). Inasmuch as the grand jury sat only once a week, we conclude that a seven-day time period is excludable due to counsel's unavailability (see CPL 30.30 [4] [f]; People v Reed, 19 AD3d 312, 318 [1st Dept 2005], lv denied 5 NY3d 832 [2005]; see also People v Brown, 23 AD3d 703, 705 [3d Dept 2005], lv denied 6 NY3d 810 [2006]).
Defendant does not challenge the exclusion of the seven-day period from March 29, 2017 until April 5, 2017, when defense counsel, who was on vacation, failed to appear at the scheduled grand jury presentation (see Brown, 23 AD3d at 705; Reed, 19 AD3d at 318).
Adding together the periods of excludable time before the People announced readiness for trial on April 18, 2017, we conclude that the People are charged with 180 days of delay, rendering their initial announcement of readiness timely.
We nevertheless conclude that the People should be charged with a period of postreadiness delay and, as a result, the time chargeable to them exceeds the statutory 182-day time period (see generally Cortes, 80 NY2d at 210). Trial was scheduled to begin on September 5, 2017. By letter dated August 11, 2017, the People requested an adjournment of the trial because "one of [their] critical witnesses" was scheduled to be "on a pre-paid vacation." In the alternative, the People contended that they "may need to seek a continuance of [their] case in chief into the following week in order to get this witness's testimony." The court adjourned the start of the trial to September 18, 2017.
It is well established that "[t]he unavailability of a prosecution witness may be a sufficient justification for delay . .
. , provided that the People attempted with due diligence to make the witness available" (People v Zirpola, 57 NY2d 706, 708 [1982]). Additionally, the reason for the witness's unavailability is relevant to determining whether a delay is justified. Where a witness is unavailable because of medical reasons or military deployment, courts generally have held that the delay is not chargeable to the People (see e.g. People v Goodman, 41 NY2d 888, 889-890 [1977]; People v Thompson, 118 AD3d 922, 923 [2d Dept 2014]; People v Rivera, 212 AD2d 1040, 1041 [4th Dept 1995], lv denied 85 NY2d 979 [1995]). Where the witness is unavailable because he or she has taken a vacation, however, many courts have charged the time to the People (see e.g. People v Brewer, 63 AD3d 402, 403 [1st Dept 2009]; People v Thomas, 210 AD2d 736, 737-738 [3d Dept 1994]; People v Boyd, 189 AD2d 433, 437 [1st Dept 1993], lv denied 82 NY2d 714 [1993]). That is because "the mere fact that a necessary witness plans to go on a vacation does not relieve [the People] of their speedy trial obligation" (People v Ricart, 153 AD3d 421, 422 [1st Dept 2017], appeal dismissed 31 NY3d 1074 [2018]). Here, the People did not establish that they exercised due diligence to secure the witness's presence on the scheduled trial date, and we conclude that the delay arising from the witness's unavailability during his vacation is chargeable to the People. Although the People contended for the first time at oral argument of the motion that the witness "was not a critical witness" and that his absence did not affect their readiness, their contention is belied by the letter in which they requested an adjournment or, in the alternative, a continuance of the trial in order to procure that witness's testimony.
Inasmuch as "any period of an adjournment in excess of that actually requested by the People is excluded" (People v Nielsen, 306 AD2d 500, 501 [2d Dept 2003], lv denied 1 NY3d 599 [2004]) and the witness would have been available the week following the scheduled trial date, we conclude that the People are chargeable with the six-day period from September 5, 2017 until the following Monday, September 11, 2017.
Once that period of six days of postreadiness delay is added to the period of prereadiness delay chargeable to the People, the time chargeable to the People totals 186 days, which establishes that defendant was denied his statutory right to a speedy trial (see CPL 30.30 [1] [a]).
For the first time on appeal, the People contend that the court could have imposed a lesser sanction than dismissal. That contention was not raised before the trial court and, as a result, we [*3]have "no power to review [it]" (People v Williams, 137 AD3d 1709, 1710 [4th Dept 2016]; see CPL 470.15 [1]; see generally People v Concepcion, 17 NY3d 192, 195 [2011]). We therefore reverse the judgment, grant defendant's motion, and dismiss the indictment.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court