People v Campusano (2021 NY Slip Op 50762(U))

[*1]

People v Campusano (Luis)

2021 NY Slip Op 50762(U) [72 Misc 3d 137(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2018-83 Q CR

The People of the State of New York,
Respondent,
against
Luis Campusano, Appellant. 

New York City Legal Aid Society (Paul Wiener of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Eunice Villantoy of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered December 19, 2017. The judgment convicted defendant, after a nonjury
trial, of sexual abuse in the third degree and harassment in the second degree, and imposed
sentence. The appeal from the judgment of conviction brings up for review an order of that court
dated September 22, 2017 denying defendant's motion to dismiss the information on statutory
speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Insofar as relevant to this appeal, on December 23, 2015, defendant was arraigned on an
accusatory instrument charging him with sexual abuse in the third degree (Penal Law §
130.55) and harassment in the second degree (Penal Law § 240.26 [1]). At a calendar call
on June 16, 2017, defendant filed a motion seeking to dismiss on statutory speedy trial grounds
(see CPL 170.30 [1] [e]; 30.30 [1] [c]). The Criminal Court (John Zoll, J.) orally denied
the motion. Defendant subsequently filed a motion denominated as one for leave to reargue. By
order dated September 22, 2017, the same court denied defendant's motion, finding a total of 29
days chargeable to the People. Following a nonjury trial, defendant was convicted of both
charges. On appeal, defendant's sole contention is that the Criminal Court erroneously
determined that the 74-day adjournment period from April 28, 2016 to July 11, 2016 was
excludable.
Where, as here, the most serious offense charged in the accusatory instrument is a class B
misdemeanor, CPL 30.30 (1) (c) requires the People to be ready for trial within 60 days of the
commencement of the criminal action. Once a defendant has shown the existence of an [*2]unexcused delay greater than 60 days, the burden of showing that
time should be excluded falls upon the People (see People v Berkowitz, 50 NY2d 333,
349 [1980]; People v Torres, 63
Misc 3d 154[A], 2019 NY Slip Op 50811[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]).
On March 4, 2016, the People offered defendant a conditional plea with a 30-week sex
offender treatment program. Retained counsel requested an adjournment to discuss the plea with
his client and to find out more details about the program. The Criminal Court adjourned the
matter to April 28, 2016 for "disposition or hearings." On April 28, 2016, the People's first
statement to the court was that there was an indication that there would be a disposition.
Immediately thereafter, retained counsel requested to be relieved and the Criminal Court granted
his request. Defense counsel from the 18-B panel was assigned and appeared that afternoon, at
which time the case was adjourned to July 11, 2016 for hearings.
Criminal Procedure Law section 30.30 (4) (g) provides that "periods of delay occasioned by
exceptional circumstances" are to be excluded from time chargeable to the People. The Court of
Appeals has stated the following:
"There is no precise definition of what constitutes an exceptional circumstance
under CPL 30.30 (4) (g), since it is impossible to anticipate every situation that might warrant
tolling of the speedy trial time period. It is clear, however, that the range of the term's
application is limited by the dominant legislative intent informing CPL 30.30, namely, to
discourage prosecutorial inaction" (People v Price, 14 NY3d 61, 65 [2010] [emphasis
added]).
Here, the People did not request an adjournment on April 28th,
nor did they state that they were not ready to proceed with hearings or a trial, as impractical as
that would have been given that new defense counsel was just assigned to the matter that very
afternoon. Rather, the record indicates that the case was adjourned because retained counsel was
relieved, and an 18-B attorney was assigned. Moreover, the People reasonably believed that
defendant would be pleading guilty on that day. Thus, this adjournment was not due to
"prosecutorial inaction." The People served and filed a certificate of readiness on January 12,
2016 and "[i]t is well established that once the People have declared their readiness for trial, they
are under no obligation to continually repeat that declaration upon each subsequent appearance in
court" (People v Reed,19 AD3d 312, 313 [2005], citing People v Cortes, 80
NY2d 201, 214 [1992]). Here, contrary to defendant's argument, there was no need for the People
to announce their readiness again during the calendar call on April 28, 2016. 
In view of the foregoing, we find that the period from April 28, 2016 to July 11, 2016 was
excludable pursuant to CPL 30.30 (4) (g). Consequently, defendant's speedy trial motion was
properly denied, as the People were chargeable with far fewer than 60 days. 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021