■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GOODE, Appellant. [707 NYS2d 3] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered June 28, 1996, convicting defendant, after a jury trial, of robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender,

to concurrent terms of 7½ to 15 years, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing evidence established that the voluntariness of defendant's statements to the police was not affected by injuries defendant accidentally sustained during his arrest, and for which he had received medical treatment well before his interrogation (*see, People v Nieves*, 205 AD2d 173, *affd* 88 NY2d 618; *see also, People v Anderson*, 42 NY2d 35, 39).

The court properly refused to declare a mistrial during jury deliberations where the jury had been deliberating for less than two days and repeatedly requested reinstruction on the elements of the crimes charged (*see, People v Samper*, 239 AD2d 191, *lv denied* 90 NY2d 910) and where the court also gave appropriate instructions on the deliberative process. The court properly denied another mistrial motion that was based upon defendant's speculative claim that a juror's desire to fax a lengthy note to her employer displayed a lack of focus on deliberations. Defendant's present claim that the court should have conducted an inquiry regarding the juror's ability to serve is unpreserved (*see, People v Sanabria*, 266 AD2d 41, 42) and we decline to review it in the interest of justice. The court's decision to try to take a partial verdict instead of granting defendant's further mistrial motion was a proper exercise of discretion and was not coercive.

The court's denial, without a hearing, of defendant's motion to set aside the verdict alleging juror misconduct was proper. The post-trial statements by a juror complaining of "coercion" by other jurors were not a proper basis for impeaching the verdict (*People v Redd*, 164 AD2d 34), especially in light of her confirmation that it was her verdict upon polling of the jury.

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.