■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SEMPER, Appellant. [714 NYS2d 12] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 8, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The trial court properly denied defendant's motion to set aside the verdict on the ground of newly discovered evidence, since such evidence did not create a probability of a more favorable verdict. The alleged weight discrepancy is trivial.

The court properly denied defendant's challenge for cause. The record fails to support defendant's assertion that the prospective juror expressed doubt as to his ability to be fair in the first place (*compare, People v Johnson*, 94 NY2d 600). In any event, reading the colloquy as a whole, we find that the prospective juror unequivocally stated that his position would not influence his verdict, and that he would render an impartial verdict based solely on the evidence (*see, People v Torpey*, 63 NY2d 361, 367). Taken in context, the prospective juror's occasional use of allegedly equivocal words such as "try" was insignificant. Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.