OPINION OF THE COURT
 

 Per Curiam.
 

 After a jury trial, defendant was convicted of murder in the second degree. The sole issue on appeal is whether a prospective juror should have been excused for cause after acknowledging during voir dire that in his view, “trained police officers are good observers” and that he “would tend to believe police testimony to some degree.” The following colloquy occurred:
 

 “[defense counsel]: I just want to be sure a juror isn’t going to give [police] testimony any more weight than anyone else. Are you telling me you would do that?
 

 “[prospective juror] : I would try not to let it affect that. I don’t think it would be a problem.
 

 “[defense counsel] : Well, I think if it’s on your mind, it may be a problem. Do you think that it could affect you, your ability to be fair and listen fairly to police testimony?
 

 “[prospective juror] : No, I don’t think so.”
 

 Defense counsel moved to excuse the prospective juror for cause, arguing that he would be biased toward police testimony. After the trial court denied the challenge, the defense excused the prospective juror by peremptory challenge, and subse
 
 *419
 
 quently exhausted its peremptory challenges. A divided Appellate Division affirmed the conviction.
 

 As we have repeatedly made clear, a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial. Here, as the Appellate Division majority correctly concluded, even if the prospective juror’s statements raised a serious doubt, he ultimately stated unequivocally that he could be fair.
 

 Defendant argues that while “no” alone would have been unequivocal, the prospective juror’s answer — “No, I don’t think so” — was equivocal. “Think,” however, is not a talismanic word that automatically makes a statement equivocal
 
 (see People v Blyden,
 
 55 NY2d 73, 79 [1982] [“the juror’s use of the word ‘think’ might not in every case render his or her statements inadequate”]). The juror’s statements here, taken in context and as a whole, were unequivocal. Thus, it was not error for the trial court to deny defendant’s challenge for cause.
 

 We add this observation. Time and again this Court has been called upon to measure a particular statement by a prospective juror against the clear legal standard requiring an unequivocal assertion of impartiality
 
 (see e.g. People v Bludson,
 
 97 NY2d 644 [2001];
 
 People v Arnold,
 
 96 NY2d 358 [2001];
 
 People v Johnson,
 
 94 NY2d 600 [2000]). For more than a century, a juror’s use of the word “think” has been challenged as equivocal
 
 (see e.g. People v Martell,
 
 138 NY 595, 600 [1893]). We therefore remind trial courts that, when a prospective juror qualifies a “yes” or “no” response regarding the ability to be fair with words such as “I think” or “I’ll try,” an additional question or two at voir dire would easily dispel any doubt as to equivocation, assure an impartial jury, and avoid the delay, and risk, of appeals.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in per curiam opinion.
 

 Order affirmed.