■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CABRERA, Appellant. [761 NYS2d 21] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered April 6, 1999, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, attempted aggravated assault on a police officer, reckless endangerment in the first degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life (two terms) and 3½ to 7 years to be served consecutively to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application for a mistrial or for individual inquiries of the deliberating jurors as to whether one juror had intimidated the others and affected their deliberations. The jury's notes concerning the particular juror's alleged unwillingness to deliberate did not require either remedy. In any event, whatever problem this juror may have had soon resolved itself (*see People v Quintana*, 262 AD2d 101 [1999], *lv denied* 94 NY2d 865 [1999]). Defendant's remaining contentions concerning the court's handling of this situation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims we would reject them.

With regard to a different situation, involving a different juror, the court properly denied defendant's motion made pursuant to CPL 330.30 (2) to set aside the verdict on the ground of juror misconduct. There is no basis for disturbing the court's determinations concerning credibility. The record supports the court's determination that, even if the juror at issue was less than completely forthright, there was no misconduct that affected a substantial right of defendant (*see People v Irizarry*, 83 NY2d 557, 561 [1994]).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.