■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WASHINGTON, Appellant. [765 NYS2d 498] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered September 11, 2000, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Although defendant waived his right to appeal, his claims are reviewable to the extent they affect the voluntariness of his plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). However, we find these claims to be unavailing. After affording defendant an ample opportunity to be heard, the court properly denied defendant's motion to withdraw his guilty plea since the record shows that the plea was knowing, intelligent and voluntary (*see People v Frederick*, 45 NY2d 520 [1978]), and that counsel provided effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]). Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PEREZ, Appellant. [765 NYS2d 497] —Judgment, Supreme Court, New York County (James Yates, J.), rendered December 13, 2000, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent terms of 25 years, unanimously affirmed.

The court properly denied defendant's challenges for cause to four prospective jurors. As to each panelist, the court conducted a thorough inquiry and all four stated unequivocally that they could be fair and impartial (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

The jury's verdict rejecting defendant's insanity defense was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning the evaluation of conflicting expert testimony. Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.