■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRENE AUSTIN, Appellant. [853 NYS2d 62]—

On her prospective juror questionnaire, the juror in question, who was subsequently seated as juror No. 12, stated that she had a "close friend who is a member of the New York County District Attorney." When asked by the court whether there was "[a]nything about that relationship you believe might affect you in evaluating the testimony here," the prospective juror responded, "I'm probably instinctually [*sic*] more trusting of the DA, but I think I am aware of the bias, so I can be good about it." When asked what "more trusting" meant, she replied, "Just the perspective to approaching specific facts, I guess." The court then asked if she could evaluate the testimony "with an open mind," to which the prospective juror replied, "Yeah, I will be aware of my own bias." The court responded, "All right," and continued interviewing the rest of the prospective jurors.

After the court and the prosecutor finished their inquiries, defense counsel addressed the panel, but seemingly addressed his remarks to the prospective juror who had a friend in the District Attorney's office. He asked,

"Now when the witness comes up here, and the DA puts that witness on, you told us before I'll recognize my bias, but you see, there is a bias.

"Does everyone understand that? When people are represented by the DA's office, they say they have come out of their way, they are victims of crime. Whatever they say, I am going to believe.

"Is that a proper way to approach being a juror, ma'am?"
The prospective juror responded, "No." Defense counsel continued:

"But I know it enters people's minds because they tell us. I have been doing this a long time, I have to be very careful with you. If I go back and tell Sandrene she is a good juror, she is going to be fair to both sides, right? She will say, what about that bias for the DA's office? She will say, she's got a good friend working with the DA's office.

"Are you going to be able to say to your friend, later on, if your verdict is not guilty, I acquitted and not have a problem with that?

"Yes?"

The prospective juror answered, "Yeah, no problem." The prospective juror also stated she "[a]bsolutely" would be able to evaluate a witness on the stand "like anybody else, and sit and listen to what they have to say" and consider if the witness made a mistake, no matter who put the witness on the stand. She also agreed that witnesses do not get "extra credit because they are brought by the DA."

After completion of the voir dire, defense counsel challenged the prospective juror for cause on the ground that she had a clear bias in favor of the District Attorney's office and that, when questioned, she did not say she would not have a bias, but only that she recognized it. The prosecutor responded that the prospective juror "was very clear she would be able to put it aside and would have no problem voting not guilty," even though she would see her friend in the D.A.'s office afterwards. "She reiterated she would overcome any bias, notwithstanding any natural bias. I don't believe a 'for cause' is appropriate." The court agreed, stating,

"She certainly made that clear when I spoke to her, but she made it even clearer after you spoke to her.

"That is denied."

Clearly, the prospective juror in question gave both defense counsel and the court an unequivocal, personal assurance that she would be able to put her bias aside and render an impartial verdict on the evidence and, contrary to defendant's argument, the trial court properly denied defense counsel's challenge for cause (*see People v Arnold*, 96 NY2d 358, 362 [2001] ["Upon

such a challenge, a juror who has revealed doubt, because of prior knowledge or opinion, about her ability to serve impartially must be excused unless the juror states unequivocally on the record that she can be fair"]; *see also People v Chambers*, 97 NY2d 417, 419 [2002] [While the use of terms such as "I think" or "I'll try" will not automatically make a statement equivocal, the panelist's statements in context and as a whole must provide an unequivocal assurance of his or her ability to set aside a stated bias]; *People v Shulman*, 6 NY3d 1, 27 [2005], *cert denied* 547 US 1043 [2006] [in evaluating a prospective juror, the trial court may consider "the whole examination of the juror, including his appearance and demeanor" (internal quotation marks and citation omitted)]). Nor is there any merit to defendant's contention, raised for the first time on appeal and thus not preserved for review, that the court erred in failing to inquire as to the depth of the prospective juror's friendship with her friend in the District Attorney's office. If that was a concern, defense counsel could easily have made such inquiry.

The verdict was not against the weight of the evidence. We have considered defendant's additional contentions regarding improper bolstering and excessiveness of sentence and find them without merit. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.