■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GEORGE, Appellant. [855 NYS2d 501]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered October 3, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of six years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court improperly denied defendant's challenge for cause to a prospective juror who expressed doubt about his ability to be impartial due to his dealings with drug users and dealers in the context of his medical practice. The panelist specialized in treating HIV-positive patients, many of whom acquired that condition as the result of drug use. He volunteered his belief that he might be unqualified, repeatedly and emphatically expressed concern that he would be "judgmental" in a case involving drug dealing, and appeared to be in some degree of emotional distress about sitting on a drug case. Although the panelist understood that he needed to follow the court's instructions on the law, he did not unequivocally state that he could follow the presumption of innocence and remain open-minded, merely giving answers such as "I am sure I can listen," "I would try to be open-minded," "I think I could be open-minded," "I honestly would want to listen to all the evidence," and "I could probably follow the law."

"[W]hen potential jurors reveal knowledge or opinions reflecting a state of mind likely to preclude impartial service, they must in some form give unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (*People v Arnold*, 96 NY2d 358, 362 [2001] [internal quotation marks and citations omitted]). In evaluating a prospective juror, the trial court may consider "the whole examination of the juror, including his appearance and demeanor" (*People v Shulman*, 6 NY3d 1, 27-29 [2005], *cert denied* 547 US 1043 [2006]). While the use of terms such as "I think" or "I'll try," will not automatically make a statement equivocal, the panelist's statements in context and as a whole must provide an unequivocal assurance of his or her ability to set aside a stated bias (*People v Chambers*, 97 NY2d 417 [2002]).

Here, the court did not elicit an unequivocal assurance from the prospective juror that he would be able to put his bias aside and render an impartial verdict on the evidence, and no such assurance could be derived from the totality of his responses. The overall tone of his statements was that he had a bias that would remain a problem. Moreover, some of his answers that appeared to offer assurances of impartiality were not fully responsive to the specific questions asked. Accordingly, it was error to deny the challenge for cause.

In view of the foregoing, we find it unnecessary to reach any other issues. Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.