THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOWZE, Appellant. [868 NYS2d 63]—

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror who had been the victim of property crimes. The panelist never said anything that would "cast serious doubt on [her] ability to render an impartial verdict" (*People v Arnold*, 96 NY2d 358, 363 [2001]), and, in any event, she then gave the court an unequivocal assurance of her impartiality. Given the totality of her responses, the panelist's assurance was not rendered equivocal by her use of the phrases "I don't think I could not be impartial," and "I will do my best" (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it primarily involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). During the trial, counsel observed some type of interaction between a juror and a witness in the hallway outside the courtroom and called it to the court's attention, but only asked if the court could try to keep jurors and witnesses separated. On appeal, defendant argues that his trial counsel should have requested an inquiry into the incident, and could not have had a reasonable strategic reason for failing to do so. We disagree, because counsel may have concluded that the incident was innocuous and that an inquiry could have led to, for example, embarrassing, antagonizing or even disqualifying a juror counsel may have viewed as favorable to the defense. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.