■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RASHAD DUNKLEY, Appellant. [876 NYS2d 392]—

Judgment, Supreme Court, New York County (John Cataldo,
J.), rendered July 13, 2005, as amended August 30, 2007,
convicting defendant, after a jury trial, of criminal sale of a con-
trolled substance in the third degree and criminal possession of
a controlled substance in the seventh degree, and sentencing
him to an aggregate term of 1 to 3 years, unanimously affirmed.

The court properly denied defendant's challenge for cause,
since the prospective juror's responses, viewed as a whole, did
not cast doubt on his ability to reach a fair and impartial verdict
(*see People v Chambers*, 97 NY2d 417 [2002]; *People v Arnold*,
96 NY2d 358 [2001]). The panelist unequivocally agreed that,
notwithstanding his positive feelings toward the police, he would

follow the court's instruction to evaluate police testimony like any other testimony. During subsequent questioning by defense counsel, the panelist never retracted, qualified, or wavered from that assurance.

The court properly modified its original *Sandoval* ruling after defendant testified that he was "not a seller." In context, this was a global denial of drug dealing not limited to the case on trial, and it opened the door to questioning about his prior marijuana sale conviction (*see People v Fardan*, 82 NY2d 638, 646 [1993]). We have considered and rejected defendant's remaining arguments on this issue.

The prosecutor's cross-examination of defendant regarding his failure to call his girlfriend and a close friend as witnesses did not shift the burden of proof (*see People v Overlee*, 236 AD2d 133, 143 [1997], *lv denied* 91 NY2d 976 [1998]). Defendant referred to both persons in his account of his allegedly innocent presence in the vicinity of the drug transaction, and they were in a position to provide material testimony substantiating portions of his account. Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.