The People of the State of New York, Respondent, v Thomas Smith, Appellant. [878 NYS2d 44]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered March 9, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

After a suitable inquiry, the court properly exercised its discretion in denying defendant's challenge for cause to a prospective

juror whose brother-in-law, like the principal witness in this case, was an undercover narcotics officer. The panelist never said anything that would "cast serious doubt on [his] ability to render an impartial verdict" (*People v Arnold*, 96 NY2d 358, 363 [2001]), and defendant's assertion that the panelist showed a predisposition to credit the testimony of undercover officers in general is contradicted by the record. In any event, he then gave the court an unequivocal assurance of his impartiality. Given the totality of his responses, the panelist's assurance was not rendered equivocal by his use of the phrases "I believe so" and "I think so" (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters outside the record concerning counsel's tactical decisions and preparation (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We have considered and rejected defendant's remaining pro se claims.

We perceive no basis for reducing the sentence.

Motion seeking leave to relieve counsel denied. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.