THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL CRAWFORD, Appellant. [884 NYS2d 481]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayers, J., at trial; Sullivan, J., at sentencing), rendered January 14, 2008, convicting her of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in denying her for-cause challenge to a prospective juror is without merit. The juror stated that he would listen to the evidence before making up his mind. He then said that he would "try [his] best" to uphold the law as given by the judge. The prosecutor asked him if he could keep an open mind, listen to all the evidence, and apply the law as instructed by the judge. The juror said that he would obey the law. The occasional use of allegedly equivocal words such as "try" does not automatically demonstrate that a prospective juror has a state of mind likely to preclude him from rendering an impartial verdict (*see People v Tyler*, 17 AD3d 239 [2005]; *People v Gonzalez*, 16 AD3d 283 [2005]; *People v Semper*, 276 AD2d 263 [2000]). The juror's

statements, taken in context and as a whole, were unequivocal (*see People v Chambers*, 97 NY2d 417 [2002]; *People v Austin*, 49 AD3d 310 [2008]; *People v Semper*, 276 AD2d at 263).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.