# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1130**
**KA 10-00715**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DESIREE R. BAKER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (KRISTI M. AHLSTROM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 22, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crime of robbery in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to the further contention of defendant, we conclude that County Court properly denied her challenge for cause to a prospective juror. "It is well settled that 'a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial' " (*People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, 15 NY3d 755, *cert denied* ___ US ___, 131 S Ct 326, quoting *People v Chambers*, 97 NY2d 417, 419; *see also People v Semper*, 276 AD2d 263, *lv denied* 96 NY2d 738). Even assuming, arguendo, that "the initial statements of the prospective juror raised a serious doubt regarding his ability to be impartial, we conclude that the prospective juror ultimately stated unequivocally that he could be fair" (*People v Brown*, 26 AD3d 885, 886, *lv denied* 6

NY3d 846; *see Chambers*, 97 NY2d at 419).

Entered:  November 10, 2011          Patricia L. Morgan
                                     Clerk of the Court