■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TAVAREZ, Appellant. [973 NYS2d 59]—

Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered July 29, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 9 to 18 years, unanimously reversed, on the law, and the matter remanded for a new trial. Appeal from order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered on or about May 27, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously dismissed as moot.

The court erred in denying defendant's challenge for cause to a prospective juror who stated his belief and concern that he recognized defendant from his neighborhood, along with his fear that he would "run into" defendant or his friends. After being apprised of defendant's address, the panelist expressed an increased concern, resulting from the fact that he lived near that address. The panelist also expressed a "feeling of defendant's guilt," because he believed the neighborhood was "infected with drugs and drug dealers," After further inquiry regarding whether the panelist could follow the law and remain impartial, he ultimately stated, "I'll try. . . . I can't promise you anything." Viewing his statements in context and as a whole, they did not amount to an unequivocal assurance of impartiality (see People v Chambers, 97 NY2d 417, 419 [2002]; People v Arnold, 96 NY2d 358, 362-363 [2001]).

In view of this determination, we find it unnecessary to reach any other issues. Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.