■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN NARVAEZ, Appellant. [998 NYS2d 882]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered July 30, 2009, convicting defendant, after a jury trial, of attempted rape in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 13 years, unanimously affirmed.

The court properly denied for-cause challenges to two prospective jurors. While both made statements raising initial doubt about their ability to be impartial, both subsequently gave unequivocal assurances of their impartiality (*see People v*

*Chambers*, 97 NY2d 417 [2002]). Furthermore, a trial court is in the best position to evaluate a panelist's responses, including by way of observation of the panelist's demeanor (*see People v Shulman*, 6 NY3d 1, 27 [2005], *cert denied* 547 US 1043 [2006]).

The court properly exercised its discretion in denying defendant's motions for a mistrial based on alleged improprieties in the prosecutor's cross-examination of defendant and in his summation. To the extent that the prosecutor strayed, on isolated occasions, beyond the proper bounds of inquiry or argument, the court's prompt curative actions minimized any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and defendant was not deprived of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.