NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-808                                        Appeals Court

COMMONWEALTH  vs.  RICHARD S. NELSON.

No. 16-P-808.

Middlesex.     April 10, 2017. - June 5, 2017.

Present:  Kafker, C.J., Milkey, & Desmond, JJ.

Jury and Jurors.  Practice, Criminal, Jury and jurors, Challenge
      to jurors.


      Complaint received and sworn to in the Woburn Division of
the District Court Department on February 27, 2013.

      The case was tried before Stacey Fortes-White, J.


      Robert L. Sheketoff for the defendant.
      Kristen M. Hughes, Assistant District Attorney, for the
Commonwealth.


      KAFKER, C.J.  The defendant, Richard S. Nelson, was

convicted of operating a motor vehicle while under the influence

of intoxicating liquor, third offense, G. L. c. 90,

§ 24(1)(a)(1), following a jury trial.[1]  On appeal, the defendant

------

      [1] The subsequent offense portion of the charge was tried
before the District Court judge.

claims that the trial judge erred by not excusing a juror[2] for cause who indicated that he was "a little" more likely to believe the testimony of a police officer than that of other witnesses, but agreed that he would be able to "keep an open mind," "listen to all of the facts and evidence," and "render a fair verdict." Although the defendant eventually exhausted all of his peremptory challenges, he did not use one of his then-remaining peremptory challenges on this juror or ask for additional peremptory challenges, and stated that he was content with the jury on which the juror sat. We affirm, concluding that the judge did not abuse her discretion. We also provide some additional guidance regarding the follow-up questioning of the challenged juror.

Background. At the beginning of jury empanelment, the judge reminded the parties that they each had two peremptory challenges[3] and needed to voice their objections to any jurors before the jury was sworn. The judge then directed a series of questions to the venire to probe their ability to be impartial. The judge asked whether any juror would be "more inclined to believe the testimony of a police officer over someone who is

_____

[2] We use the word "juror" as shorthand for the phrase "prospective juror" except where noted.

[3] See Mass.R.Crim.P. 20(c)(1), 378 Mass. 889 (1979) (defendant tried before jury of six entitled to two peremptory challenges).

not a police officer solely because that individual is a police officer." Four jurors, including juror number (no.) fourteen, raised their hands.[4] During the questioning of juror no. fourteen, the judge asked whether he would "give greater weight to the testimony of a police officer." Juror no. fourteen responded that he would, "[b]y a little." The judge then interjected, "[W]hat we're trying to get here is a fair and impartial jury, sir. So we want to make sure that you have the ability to keep an open mind and listen," to which juror no. fourteen responded, "Of course." The judge then asked, "[A]re you saying that because someone's a police officer you would be unable to do that?" Juror no. fourteen stated, "No, but I feel like police officers have power, so you've got to give at least 51 percent that they might be telling -- they're probably telling the truth. . . . Not 100 [percent], not even close." Juror no. fourteen further explained that this was "without knowing anything about the case." The judge then asked juror

---

[4] Juror nos. six, fifteen, and twenty-two also raised their hands. The judge excused juror no. six for cause because her father worked in a correction facility and several of her aunts and uncles were police officers. The judge also excused juror no. twenty-two for cause because his brother-in-law worked for defense counsel. The judge found that juror no. fifteen could be fair and impartial and seated her on the jury. Juror no. fifteen stated, "I would expect a police officer to act . . . with honesty and integrity and give their respect to that position that I think it affords but not in a way that I think would be -- I would be closed-minded to . . . the rest of the testimony."

no. fourteen whether he would "be able to listen to all of the facts and evidence in the case before [he would] be able to render a fair verdict." Juror no. fourteen responded, "Right." The judge further confirmed, "[Y]ou'd be able to do that," to which juror no. fourteen responded, "I think so. Yes." Based on this exchange, the judge found that juror no. fourteen could be fair and impartial and seated him on the jury.

After several jurors had been seated, the judge asked the parties whether they wished to challenge any juror for cause. Defense counsel challenged juror no. fourteen, pointing to his "inclination . . . to believe a police officer 51 percent." The judge stated that she was "satisfied with [juror no. fourteen's] response," and declined to excuse him for cause. Defense counsel did not challenge any other jurors for cause.

After seven jurors had been seated, the judge asked whether either side wished to exercise any peremptory challenges. Defense counsel exercised a peremptory challenge to juror no. two, who indicated that she had testified as a witness in a domestic violence case. After juror no. two was replaced, defense counsel exercised another peremptory challenge on juror no. eleven, who had not indicated any responses to the judge's questions and was not examined individually. When the jury box again was full, the judge asked whether both sides were content with the jury, and defense counsel responded, "[Y]es."

Discussion. The Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights guarantee the right of a criminal defendant to a trial by an impartial jury. Commonwealth v. Andrade, 468 Mass. 543, 547 (2014). "A trial judge is accorded considerable discretion in the jury selection process and [her] finding that a juror stands indifferent will not be disturbed except where juror prejudice is manifest." Commonwealth v. Clark, 446 Mass. 620, 629-630 (2006). Reversal is warranted, however, "where a 'judge refuses to excuse any juror who should be excused for cause, and as a result the defendant exhausts all peremptory challenges and is forced to accept a juror whom he otherwise would properly have challenged.'" Commonwealth v. Leahy, 445 Mass. 481, 497 (2005), quoting from Commonwealth v. Seabrooks, 433 Mass. 439, 445 (2001). "[I]n such circumstances the diminution of peremptory challenges is per se prejudicial." Clark, supra at 629.

In the present case, although the defendant eventually exhausted his peremptory challenges, he did not use an available peremptory challenge on juror no. fourteen after the judge declined to excuse him for cause, did not ask for additional peremptory challenges,[5] and affirmatively accepted the jury on

---

[5] See Commonwealth v. McCoy, 456 Mass. 838, 841 (2010) ("judge may, as a matter of discretion, allow motions for additional [peremptory] challenges"). See also Commonwealth v. Bryant, 447 Mass. 494, 500 (2006) (noting defense counsel's

which juror no. fourteen sat.  Rather than exercise a peremptory

challenge on juror no. fourteen, the defendant chose to

peremptorily challenge juror nos. two and eleven, neither of

whom he first challenged for cause.  See Commonwealth v. McCoy,

456 Mass. 838, 842 (2010) ("prejudice generally is shown by the

use of a peremptory challenge to remove the juror who allegedly

should have been excused for cause together with evidence that

the defendant later was forced to accept a juror he would have

challenged peremptorily but was unable to because his peremptory

challenges had been exhausted").[6]  Thus, we are unable to

conclude that the defendant was "forced to accept a juror whom

he otherwise would have challenged peremptorily."  Commonwealth

v. Susi, 394 Mass. 784, 789 (1985).  See Commonwealth v. Bryant,

447 Mass. 494, 499-500 (2006) (defendant "still had peremptory

challenges available but chose not to challenge juror" and

"identifie[d] no other empanelled juror whom he would have

failure to request additional peremptory challenges in
concluding that defendant was not forced to accept juror that he
would have peremptorily challenged).

[6] See also People v. Bowens, 407 Ill. App. 3d 1094, 1100
(2011) (defendant waived right to challenge judge's refusal to
excuse juror for cause when he had peremptory challenges
remaining but chose to exercise them on other jurors whom he did
not first challenge for cause; defendant "not only failed to
exercise a peremptory challenge to remove [the juror], he
affirmatively accepted the panel upon which [the juror]
sat. . . .  These circumstances compel the conclusion that
defendant's decision not to peremptorily remove [that juror] was
an affirmative acquiescence to [his] jury service, which thereby
constitutes a waiver of this issue on appeal").

replaced if he had retained additional peremptory challenges").
Contrast Susi, supra (defendant used peremptory challenge on
juror erroneously not excused for cause, exhausted all
peremptory challenges, and adequately showed that he would have
exercised proper peremptory challenge, had another been
available, to exclude at least one sitting juror); Commonwealth
v. Auguste, 414 Mass. 51, 57-58 (1992) (same); Clark, 446 Mass.
at 629-630 (same).[7]

Moreover, even if the defendant had shown that he was
forced to accept a juror that he would have peremptorily
challenged, we conclude that the judge did not abuse her
discretion by not excusing juror no. fourteen for cause. A
juror's indication "that he or she might give more weight to the
testimony of a police officer than to that of a lay witness"
does not "necessarily disqualify [that] person." Commonwealth

---

[7] We note that in United States v. Martinez-Salazar, 528
U.S. 304, 307 (2000), the United States Supreme Court
"reject[ed] the Government's contention that under federal law,
a defendant is obliged to use a peremptory challenge to cure the
judge's error, [but held] that if the defendant elects to cure
such an error by exercising a peremptory challenge, and is
subsequently convicted by a jury on which no biased juror sat,
he has not been deprived of any rule-based or constitutional
right." But see id. at 318-319 (Scalia, J., concurring)
("[N]ormal principles of waiver" may "disable a defendant from
objecting on appeal to the seating of a juror he was entirely
able to prevent. I would not find it easy to overturn a
conviction where, to take an extreme example, a defendant had
plenty of peremptories left but chose instead to allow to be
placed upon the jury a person to whom he had registered an
objection for cause, and whose presence he believed would
nullify any conviction").

v. Jackson, 391 Mass. 749, 757 (1984). Here, juror no. fourteen responded to the judge's follow-up questions by indicating that he would be able to keep an open mind and "be able to listen to all of the facts and evidence in the case before . . . render[ing] a fair verdict" (emphasis supplied). See id. at 756 (judge did not err in not excusing jurors for cause who expressed tendency to believe testimony of police officers; "each [juror] indicated that he or she could follow instructions to consider the evidence impartially"); Commonwealth v. Ayoub, 77 Mass. App. Ct. 563, 566 (2010) (no error not to excuse juror who stated that she could listen to evidence and be fair and impartial).[8] Juror no. fourteen's comments about police

---

[8] Contrast Commonwealth v. Vann Long, 419 Mass. 798, 804 (1995) (trial judge erred in not excusing juror for cause who expressed tendency to believe police officers; juror "never unequivocally stated that he would be impartial, nor did he ever expressly state that he would or could put aside his bias"); Commonwealth v. Somers, 44 Mass. App. Ct. 920, 921, 922 (1998) (judge erred in not excusing juror who could not "unequivocally state that he would be impartial," and "[did not] know" whether he could make decision based solely on evidence).

Other jurisdictions have ruled as we do today when considering whether a juror who expressed a tendency to believe police officers should have been excused for cause. See, e.g., Peri v. State, 412 So. 2d 367, 367 (Fla. Dist. Ct. App. 1981) (no error in not dismissing juror who stated that he would give police officer's testimony "a little" more respect, but later indicated that "he would keep an open mind and follow the court's instructions"); People v. Chambers, 97 N.Y.2d 417, 418 (2002) (judge did not err in not excusing for cause juror who expressed tendency to believe testimony of police officers; juror stated that he believed he could be fair and impartial, would "try" not to let it affect case, and did not "think it

testimony also occurred "without [him] knowing anything about the case" and before he had received any instructions on how to analyze evidence, evaluate the credibility of witnesses, and apply burdens of proof.  See Bryant, 447 Mass. at 501 ("judge is only required to determine whether jurors [could] set aside their own opinions, weigh the evidence . . . , and follow the instructions of the judge" [quotation omitted]).  See also Commonwealth v. Mendez, 476 Mass. 512, 520 (2017) (jury presumed to follow judge's instructions).

Although we discern no abuse of discretion, the better practice still would have been for the judge to ask at least one more question to clarify that juror no. fourteen understood that a fifty-one to forty-nine percent predisposition in favor of police testimony was not proper and must be put aside.[9]  That being said, the "trial judge was in the best position to evaluate [the juror's] credibility" and "was entitled to accept [his] representation of impartiality."  Ayoub, 77 Mass. App. Ct.

---

would be a problem").  Contrast United States v. Jones, 193 F.3d 948, 951-952 (8th Cir. 1999) (judge "asked no additional questions of" juror who expressed tendency to believe police officers, and juror did not "say anything that might have rehabilitated her"); State v. Prtine, 784 N.W.2d 303, 311 (Minn. 2010) (juror never stated that she could "set aside any opinion [she] might hold and decide the case on the evidence").

[9] See Clark, 446 Mass. at 630 ("In exercising discretion to ferret out possible juror bias, a judge must 'be zealous to protect the rights of an accused'"), quoting from Commonwealth v. Vann Long, 419 Mass. 798, 803 (1995).

at 566.  See McCoy, 456 Mass. at 843 ("The judge [was] entitled to rely on [the] juror's demeanor and answers to questions in determining bias").  Therefore, in these circumstances, although further questioning would have been preferable, we conclude that the judge did not abuse her "large degree of discretion," Commonwealth v. Vann Long, 419 Mass. 798, 803 (1995), in finding that juror no. fourteen could be fair and impartial and seating him on the jury.[10]

Judgment affirmed.

_____

[10] The defendant also claims that the judge improperly instructed the jury with respect to the credibility of witnesses.  We find no merit in this contention.  The judge gave the model jury instruction on the credibility of witnesses nearly verbatim.  See Criminal Model Jury Instructions for Use in the District Court § 2.260 (2009).  See also Commonwealth v. Thomas, 439 Mass. 362, 365-367 (2003).