The People of the State of New York, Respondent,
against
Larney Taylor, Appellant.




Appellate Advocates (Elizabeth Plimpton of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered January 6, 2016. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree, resisting arrest, failing to comply with a traffic control device and failing to signal, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with obstructing governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), disorderly conduct (Penal Law § 240.20), harassment in the second degree (Penal Law § 240.26 [1]), and various traffic offenses. 
During voir dire, prospective juror number six initially stated that because he did not know the particulars of defendant's case, he did not know if any of his experiences with having been a victim of an assault and a witness to another assault would affect his ability to be a fair and impartial juror. Upon further inquiry by the court, the prospective juror stated that he "didn't think" that his past experiences involving the assaults would affect his ability to be fair in this case. He reiterated that, without knowing the particulars of this case, he did not "know how it will sway [him], but from what [he] know[s]" he could decide this case solely on the evidence that would be before him and nothing else. He assured the court that he would "come in unbiased." Finally, when the court explained that, whatever life experiences he had, he would have to set them aside when it comes to determining defendant's guilt or innocence and that he could only decide the case on the facts that would be presented at trial, the prospective juror stated, "I understand my duty and my responsibility. I will do it to the best of my ability." Again, when the court asked this prospective juror if he would allow anything outside of the [*2]evidence of this trial to influence him, he responded, "I don't think so." The court denied defendant's challenge for cause to excuse prospective juror number six, thereby necessitating a peremptory challenge to excuse this juror. Defendant exhausted his peremptory challenges before the completion of jury selection (see CPL 270.20 [2]).
Following the jury trial, defendant was found guilty of obstructing governmental administration in the second degree, resisting arrest, failing to comply with a traffic control device, and failing to signal.
Defendant contends that the Criminal Court committed reversible error in denying his challenge for cause which sought to excuse prospective juror number six on the ground that the prospective juror did not unequivocally state that he could be impartial.
A juror must be excused for cause if he or she exhibits "a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "[W]hen potential jurors . . . openly state that they doubt their own ability to be impartial . . . there is far more than a likelihood of bias, and an unequivocal assurance of impartiality must be elicited if they are to serve" (People v Johnson, 94 NY2d 600, 614 [2000]; e.g. People v Biondo, 41 NY2d 483, 485 [1977]). In People v Chambers (97 NY2d 417 [2002]), the Court of Appeals, noting that "[f]or more than a century, a juror's use of the word 'think' has been challenged as equivocal," held that such usage "is not a talismanic word that automatically makes a statement equivocal" (id. at 419); rather, such an expression should be "taken in context and [the voir dire considered] as a whole" (id.; see also People v Shulman, 6 NY3d 1, 28 [2005]).
Upon considering the voir dire as a whole, we find that prospective juror number six had affirmatively and credibly stated that he could be fair and impartial, and that his use of the phrase "I don't think so" did not render his assurance equivocal (see People v Chambers, 97 NY2d 417). Additionally, although prospective juror number six acknowledged that he might be bringing in his prior experience, the Court of Appeals has observed that "[w]hile the goal is utter impartiality, each juror inevitably brings to the jury room a lifetime of experience that will necessarily inform [his] assessment of the witnesses and the evidence" (People v Arnold, 96 NY2d 358, 362 [2001]; see also People v Williams, 63 NY2d 882, 885 [1984]). Here, prospective juror number six assured the court that he would not let any personal experiences influence his ability to be fair and render a verdict based solely on the evidence. He affirmatively stated that he could "come in unbiased." Consequently, the court properly denied defendant's challenge for cause to excuse this prospective juror.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018