People v Brito (2018 NY Slip Op 08747)





People v Brito


2018 NY Slip Op 08747


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


7906 3022/15

[*1]The People of the State of New York, Respondent,
v
John Brito, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered September 14, 2016, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror. The panelist's responses, viewed as a whole, and with particular reference to her final statements to the court, as viewed in context, provided an unequivocal assurance that she could be fair and not be influenced by a crime committed against her niece
(see People v Chambers , 97 NY2d 417, 419 [2002]).
The court correctly denied defendant's request for submission to the jury of the lesser included offense of criminally negligent assault under Penal Law 120.00(3) where there was no reasonable view of the evidence, viewed most favorably to defendant, under which defendant committed the lesser offense but did not commit the greater (see generally People v Glover , 57 NY2d 61, 63 [1982]). Defendant's defense, as reflected in his testimony, was that he intentionally struck the December 10, 2018 victim with a pair of pliers, but did so in self-defense, and there was no other evidence to support a theory of criminal negligence.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK