People v Gonzalez (2019 NY Slip Op 02166)





People v Gonzalez


2019 NY Slip Op 02166


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8764 943/12

[*1]The People of the State of New York, Respondent,
v
Anthony Gonzalez, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered February 1, 2013, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to time served, unanimously affirmed.
Defendant did not preserve his claim that the court erred in failing to excuse a prospective juror for cause, because his counsel did not join in the challenge for cause to that juror made by another defendant's attorney (see People v Toledo, 101 AD3d 571 [1st Dept 2012], lv denied 21 NY3d 947 [2013]). That attorney never stated that he was speaking for all three defendants as to challenges for cause, and his later statement that, as to peremptory challenges, he was speaking for all three did not preserve defendant's arguments about the challenge for cause (see id.).
We decline to review defendant's claim in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in denying the challenge for cause. Although the prospective juror at issue replied affirmatively to an isolated, general question about whether the police are more truthful than others, she said nothing that "raise[d] a red flag" or "cast significant doubt" on her ability to assess the evidence in this particular case in a fair and impartial manner (People v Harris, 26 NY3d 321, 325 [2015]). Moreover, there were numerous other questions concerning the panelists' ability to be fair and impartial, including whether they accepted that the People had the burden of proving the defendants guilty beyond a reasonable doubt and would give no greater weight to police witnesses than to other witnesses, and these questions received no negative or equivocal responses from anyone on the panel (see People v Dunkley, 61 AD3d 428, 428-29 [1st Dept 2009], lv denied 12 NY3d 914 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK