The People of the State of New York, Respondent,
against
Marquis Oldham, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Curtis Farber, J.), rendered January 29, 2018, after a jury trial, convicting him of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered January 29, 2018, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence supports the finding that the victim suffered "substantial pain" as would satisfy the "physical injury" element of third-degree assault (see Penal Law 120.00[1]; 10.00[9]). Defendant punched the 17-year-old victim approximately 25 times, including about the head and neck, causing a bloody nose, bruising and swelling to the face that lasted two to three weeks, and pain that was a "ten" on a scale of one to ten (see People v Guidice, 83 NY2d 630, 636 [1994]; People v James, 2 AD3d 291 [2003], lv denied 2 NY3d 741 [2004]).
The court properly admitted the victim's statement to responding police as an excited utterance (see generally People v Johnson, 1 NY3d 302 [2003]). The statement at issue clearly was precipitated by an event that was startling and traumatic to the victim, who was crying and visibly upset (see People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]).
The court also properly admitted a recording of the 911 call made by defendant's mother as a present sense impression, since the call was a spontaneous description of events made contemporaneously with the observation of those events, and was sufficiently corroborated (see People v Brown, 80 NY2d 729, 734 [1993]). Nor was the 911 call testimonial, since the circumstances objectively indicated that its primary purpose was to enable the authorities "to meet an ongoing emergency" (Davis v Washington, 547 US 813, 822 [2006]; see People v Villalona, 145 AD3d 625, 626 [2016], lv denied 29 NY3d 953 [2017]).
In any event, were we to find any error in the admission of the evidence, we would find it to be harmless given the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's contention that the third-degree assault count of the information was duplicitous is unpreserved (see People v Maldonado, 177 AD3d 554 [2019]), and we decline to review it in the interest of justice. As an alternative holding, the trial evidence established that [*2]the fast-paced assault on the victim occurred during a single "uninterrupted course of conduct" (People v Alonzo, 16 NY3d 267, 270 [2011]), even if it began inside the apartment and moved outside into the hallway and stairwell. The fact that defendant's sister briefly detained defendant before he resumed his attack did not create two separate incidents that should have been charged to the jury separately (see e.g. People v Kelly, 148 AD3d 585 [2017], lv denied 29 NY3d 1082 [2017]). 
The court provided a meaningful response to the deliberating jury's submission of the first verdict sheet, which indicated that they reached a verdict on the resisting arrest charge, but had not yet reached a verdict on the assault charge, and further noted that the vote was five to one for conviction. The Court instructed the jury that they should send a note when they reach a unanimous verdict, rather than the verdict sheet (see People v Camacho, 171 AD3d 472 [2019], lv denied 33 NY3d 1067 [2019]).
The court also properly exercised its discretion in delivering an Allen charge and declining to grant a mistrial, when the jury reported a deadlock (see Allen v United States, 164 US 492 [1896]; People v Hardy, 26 NY3d 245, 252 [2015]). When viewed as a whole, the instruction was simply encouraging rather than coercive and was appropriate in light of the fact that the jury had only been deliberating a short time when they reported that they were deadlocked (see People v Ford, 78 NY2d 878 [1991]).
Nor was the court's subsequent decision to adjourn briefly until the following morning, after receiving a second deadlock note at about 5:25 p.m., approximately two hours after the first, unbalanced or coercive (see People v Ford, 78 NY2d at 880; People v Thomas, 113 AD3d 447 [2014], lv denied 22 NY3d 1159 [2014]). Moreover, when the jury sent out a note requesting further instructions the next morning, they did not state they were deadlocked and reached a verdict several hours later. 
The court properly denied defendant's challenge for cause to a prospective juror who initially indicated that she was unable to serve because of "extreme" work deadlines and that she was "not sure" if she could render impartial service, which "depend[ed] on the circumstances." Upon the court's inquiry, the prospective juror stated that she could follow the court's instructions and be fair and impartial (see People v Chambers, 97 NY2d 417 [2002]; People v Arnold, 96 NY2d 358, 363 [2001]; People v Dunkley, 61 AD3d 428 [2009], lv denied 12 NY3d 914 [2009]). Given the totality of the prospective jurors's responses, her assurances were not rendered equivocal by her use of the phrase "I believe so" (see People v Chambers, 97 NY2d at 419; People v Jacobs, 108 AD3d 411 [2013], lv denied 22 NY3d 1139 [2014]; People v Crawford, 65 AD3d 694 [2009], lv denied 13 NY3d 906 [2009]).
The court providently exercised its discretion in denying, without a hearing, defendant's CPL 330.30(2) motion to set aside the verdict based on juror misconduct. The post-trial statement of a juror complaining of coercion by another juror raises no question of outside influence, but, rather, seeks to impeach the verdict by delving into the tenor of the jury's deliberative process (see People v Karen, 17 AD3d 865 [2005], lv denied 5 NY3d 764 [2005]). Since the juror in question confirmed her verdict upon polling of the jury, she cannot now be permitted to impugn the finality and integrity of the verdict by belated claims of coercion (see People v Goode, 270 AD2d 144 [2000], lv denied 95 NY2d 835 [2000]; People v Redd, 164 AD2d 34 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: February 7, 2020